■ ROSALIE JOHNSON et al., Respondents, v SYRUS L. CLARK, Defendant, and MILTON JUPITER et al., Appellants.—Order, Supreme Court, Bronx County, dated November 14, 1977, granting plaintiff leave to serve a verified further bill of particulars, is reversed, on the law, and in the exercise of discretion, and the motion for leave to serve such further bill of particulars is denied, with $40 costs and disbursements of this appeal to defendants-appellants. While we are reluctant to interfere with the discretion of Special Term on a procedural matter, we feel we must do so in the present case. Another Justice of the Supreme Court had previously denied leave to serve the further bill of particulars because of laches and insufficiency of the physician's report, absence of an affidavit of merits, and lack of showing that defendants had prior knowledge of the injuries alleged. The present papers do not cure these defects in at least the following important respects: They do not explain the delay in the application for a further bill of particulars. In particular, plaintiff's papers do not explain how it happened that at the time of the service of the original bill of particulars, four years after the accident and a year after plaintiff had admittedly resumed contact with her physician, plaintiff did not mention any knee injury; or why plaintiff needed a doctor to tell her that her knee was bothering her. Nor is there any statement of when plaintiff learned that she had a knee injury or that it was causally related to the accident, or why plaintiff waited eight months after the original bill of particulars (four and three-quarter years after the accident) to serve a supplemental bill claiming an injury to the knee. Concur—Silverman, J. P., Lane and Sandler, JJ.; Fein and Yesawich, JJ., dissent in the following memorandum by Yesawich, J.: We would affirm. Defendants' exposure to greater liability because of the lately claimed injuries does not in and of itself constitute prejudice, particularly here where defendants have been afforded an opportunity to conduct a physical examination of the plaintiff. Since prejudice is lacking and plaintiffs have not sought an increase in the *ad damnum* we cannot conclude Special Term acted imprudently.